W. C. DIBRELL v. GEO. D. ROBINSON ET AL.

(No. 517, Tex. L. J., vol. 2, p. 474.)

APPEAL from Leon County.  Opinion by WHITE, J.

§ 721. *Damages for wrongfully and maliciously instituting suit, not recoverable.* Dibrell sued Robinson and seven others as mercantile partners. Robinson did not answer, and a judgment by default was rendered against him. The other defendants denied the partnership under oath, and pleaded in reconvention for damages, because the suit had been wrongfully and maliciously brought by plaintiff against them, and that their damages consisted in loss of time, expenses, attorneys' fees, vexation and

harassment of mind, and injury to their reputation and financial standing. Trying the case without a jury, the court gave each of these seven defendants a judgment for $15, aggregating $105, on their plea in reconvention.

The rules of law relative to such damages as were claimed in reconvention in this case are so fully considered and settled in Salado College v. Davis that we need refer to no other authorities. In that case it is said: "To bring an action, though there be no good ground, is not actionable. An act that does not amount to a legal injury cannot be actionable because it is done with bad intent. In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation. In such cases the defendant recovers his costs, but no allowance is made him for his time, indirect loss, annoyance or counsel fees. . . . Every defendant against whom an action is 'unnecessarily' brought experiences some injury or inconvenience beyond what the costs will compensate him for. This injury or inconvenience results from a resort to the legally constituted tribunals, and it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than increase the risks attending and discourage such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation." [Salado College v. Davis, 47 Tex. 131.] Different rules prevail where extraordinary remedies are wrongfully resorted to. Here there were no extraordinary remedies sought or used, the action being simply one of debt on account.

March 8, 1879.                Reversed and remanded.